IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIAM L. GASKIN                                                             PLAINTIFF

V.                                                     NO. 4:11CV020-P-S

COMMISSIONER CHRISTOPHER EPPS, et al.                        DEFENDANTS

**MEMORANDUM OPINION**

The court, *sua sponte*, takes up the dismissal of the Plaintiff's case filed under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, complains that he has been denied medical treatment for swelling in his right knee. Specifically, the Plaintiff states that he has suffered with pain and swelling in his right knee since January. He claims that surgery is required to correct the condition. Contrary to his assertion that he has been denied medical attention, the Plaintiff admits he was examined by doctors in January and March of 2010. The two doctors seemed to have a difference of opinion regarding how the knee should be treated. The Plaintiff is seeking an order requiring that MDOC to arrange surgery for his knee.

**Denial of Adequate Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts

which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L. Ed. 2d 677 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the facts of this case as presented by the Plaintiff, it is clear that he has not been denied medical care. The Plaintiff admits that he has been seen and treated by MDOC medical staff. Although surgery might be an option to treat the Plaintiff's knee it is not necessarily the only option. The Plaintiff admits he has received pain management and crutches to alleviate his discomfort. Despite his allegations, the Plaintiff cannot show that the Defendants deliberately indifferent to a substantial risk of serious harm. Although the Plaintiff is obviously dissatisfied with the treatment he received, the allegations in this case simply do not support a claim for 1983 relief. A1983 claim will not lie because the Plaintiff disagrees with the course, method and timing of medical treatment. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (disagreement with the type or timing of medical services provided cannot support a 1983 claim); *see also Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Therefore, the Plaintiff's claim of denial of medical attention related to his right knee is plainly without merit and shall be summarily dismissed.

A final judgment shall issue in accordance with this opinion.

THIS the 25th day of March, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE


W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI